**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC.<br>199 Water Street, 29th Floor<br>New York, NY 10038<br><br>vs.<br><br>UNITE HERE LOCAL 274<br>1415 North Broad Street, Suite 219<br>Philadelphia, PA 19122-3325<br>and<br>LORI GIBSON<br>1819 South 6th Street<br>Philadelphia, PA 19148<br>and<br>TRUMBULL INSURANCE COMPANY<br>One Hartford Plaza<br>Hartford, CT 06155<br>and<br>FEDERAL INSURANCE COMPANY<br>One American Square<br>202 N. Illinois Street, Suite 2600<br>Indianapolis, IN 46282 | NO. **2:26-cv-07174** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Seneca Insurance Company, Inc., by and through its undersigned counsel, Horst Krekstein & Runyon, LLC, hereby files this Complaint for Declaratory Judgment, and in support thereof, avers as follows:

## I. <u>JURISDICTION AND VENUE</u>

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff issued the subject commercial automobile insurance policy to Defendant Unite Here Local 274, whose principal place of business is at the above captioned address in the Eastern District of Pennsylvania.

## II. <u>PARTIES</u>

4. Plaintiff in this action, Seneca Insurance Company, Inc. (hereinafter "Seneca"), is an insurer and a corporation organized and existing under the laws of the State of New York, and at all times material hereto issued Commercial Auto Policy number UCM 5342569 to Defendant Unite Here Local 274. A true and correct copy of Seneca Commercial Auto Policy UCM 5342569 is attached hereto as Exhibit A.

5. Plaintiff, Seneca, likewise at all times material hereto issued Umbrella/Excess Policy number UCU 5351414 to Defendant Unite Here Local 274. A true and correct copy of umbrella policy UCU 5351414 is attached hereto as Exhibit B.

6. Defendant Unite Here Local 274 (hereinafter “Local 274”) is a labor union organized under IRS Code 501(c)(5) and is a Pennsylvania on-profit corporation with its principal place of business at the above captioned address in Philadelphia, Pennsylvania.

7. Defendant Lori Gibson (hereinafter “Gibson”) is an adult individual and citizen of the Commonwealth of Pennsylvania with a primary address of 1819 South 6th Street, Philadelphia, Pennsylvania.

8. Defendant Trumbull Insurance Company (hereinafter “Trumbull”) is a Connecticut incorporated stock insurance corporation with a principal place of business at the above captioned address.

9. At all times material hereto, Defendant Trumbull issued Commercial Business Insurance Policy with commercial automobile coverages, namely Policy number 10 UEN HF7848 to Defendant Unite Here International Union. (hereinafter :International”). A true and correct copy of the Trumbull policy is attached hereto as Exhibit C.

10. Defendant Federal Insurance Company (hereinafter “Federal”) is an incorporated insurance corporation organized and existing under the laws of the State of Indiana with a principal place of business at the above captioned address.

11. At all times material hereto, Defendant Federal issued a “Chubb Commercial Excess And Umbrella Insurance” policy to Unite Here International Union, namely policy number 9364-95-61. A true and correct copy of the Chubb policy is attached hereto as Exhibit D

## III. NATURE OF THE ACTION

12. This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. Within this action, Seneca seeks a determination of its rights and obligations under the Commercial Automobile Policy UCM 5342569 issued to Local 274 pursuant to which Seneca has been providing a defense to Local 274 and Gibson in an underlying bodily injury lawsuit docketed in the Philadelphia Court of Common Pleas as *Williamson vs. Unite Here Local 274*, et al., No. 240900769 (hereinafter "Underlying Williamson Action").

13. In sum and substance, the Underlying Williamson Action arises from a motor vehicle accident where Gibson was operating a rental vehicle when she allegedly struck and caused injury to Williamson.

14. As set forth more fully below, the Underlying Williamson Action Second Amended Complaint alleges broadly that Gibson was acting within the course and scope of her employment or agency with both Local 274 and Unite Here International Union.

15. Discovery in the Underlying Williamson Action, and further investigation by Plaintiff Seneca, has established that neither Gibson nor Local 274 qualify as an "insured" for purposes of the claim being litigated in the Williamson Action under the terms and conditions of Seneca Commercial Auto Policy number UCM 5342569, and therefore, Plaintiff Seneca has no continuing duty to defend.

16. Further, based on the facts revealed during discovery in the Underlying Williamson Action, and the terms and conditions of the Trumbull policy 10 UEN

HF7848, both Local 274 and Gibson qualify as insureds under Trumbull policy and Trumbull initially had, and continues to have, a duty to defend Local 274 and Gibson in the Underlying Williamson Action.

17. Due to the extent that the limits of Trumbull policy are or may be hereafter exhausted by settlement or otherwise, then Plaintiff asserts that Federal has a duty to defend Local 274 and Gibson in the continuing litigation of the Underlying Williamson Action.

18. Lastly, in light of Trumbull's initial and continuing duty to defend, which it has denied, Plaintiff Seneca seeks an additional declaration that Trumbull had an initial and continuing duty to defend and is therefore obligated to reimburse Seneca for all, or alternatively a pro-rata portion of defense costs expended in relation to the defense of Local 274 and Gibson in the Underlying Williamson Action.

## IV. STATEMENT OF FACTS

### A. Underlying Facts

19. Plaintiff hereby incorporates by reference the allegations set forth within the foregoing paragraphs as if the same were fully set forth more fully at length herein.

20. The original pleading in the Underlying Williamson Action was a Civil Action Complaint filed by Williamson on or about September 9, 2024. A true and correct copy of the Williamson Complaint is attached hereto as Exhibit E.

21. Subsequently, an Amended Complaint, then a Second Amended Complaint were filed in that action. A true and correct copy of the operative

Underlying Williamson Action Second Amended Complaint is attached hereto as Exhibit F.

22. Within the Underlying Williamson Action original Complaint, both Local 274, Unite Here International Union and Lori Gibson were named as party Defendants. See Exhibit E at ¶¶ 1 through 5.

23. The Underlying Williamson Action original Complaint alleges that on Saturday, April 22, 2023, Mr. Williamson was jogging on MLK Drive in Philadelphia when he was struck by a Chevy Blazer operated by Gibson. See Exhibit E at ¶¶ 10 through 13.

24. The Underlying Williamson Action original Complaint alleged that Gibson was the agent and/or employee of "Unite Here" and was acting in the course and scope of her agency and employment. See Exhibit E at ¶ 7.

25. It is further alleged that Gibson rented the subject Chevy Blazer from Avis Budget Group, LLC and PV Holding Corp. (collectively "Avis"), and was at all times acting within the furtherance of Unite Here's business, political or union interests. See Exhibit E at ¶¶ 6 through 9.

26. The Underlying Williamson Action Second Amended Complaint makes identical allegations pertaining to agency and the rental of the Chevy Blazer by Gibson.

27. Within Count I of the Underlying Williamson Action Second Amended Complaint, Williamson alleges generally against Local 274, as well as Unite Here International Union, and others not a party to this action, that "Unite Here" acted or

failed to act by and through its actual or apparent agents including Gibson who were in the scope of their agency and employment and in furtherance of "Unite Here's" business, political and/or union interests. Williamson alleges vicarious liability against Unite Here. See Exhibit F at ¶¶ 45 through 47.

28. Within Count II of the Underlying Williamson Action Second Amended Complaint, Williamson alleges that Defendant Lori Gibson was negligent in causing the motor vehicle accident. See Exhibit F at ¶¶ 52 through 53.

29. Discovery has revealed that Gibson rented the subject Chevy Blazer pursuant to an "Avis and Budget Worldwide Rate Agreement" entered into between "Unite Here" as the "company" which was effective September 1, 2020 (the rate agreement"). Lori Gibson was identified on the rental agreement for the Chevy Blazer as the "customer." A true and correct copy of the Rate Agreement is attached hereto as Exhibit G. A true and correct copy of the rental agreement is attached hereto as Exhibit H.

30. The Budget Rental Agreement related to Gibson's rental of the Chevy Blazer involved in the subject accident was rented under the Rate Agreement and the Rate Agreement itself provides that it applies to [Unite Here International Union] employees for business and personal travel and for designated contractors of [Unite Here International Union] renting for [Unite Here International Union] business purposes and for whom [Unite Here International Union] reimburses business travel, utilizing, as applicable [Unite Here International Union's] . . . ECD Budget Corporate Discount number . . .

31. The evidence has clearly established that Gibson rented the vehicle through the rental agreement between Avis and Unite Here International Union.

32. Discovery has revealed that the rental agreement was between Avis and Unite Here International Union.

33. An employee on the payroll of Unite Here International Union at the time of the accident was organizing director Emiliano Rodriguez. He testified in the Underlying Williamson Action that Ms. Gibson was performing political canvasing work on behalf of Worker Vote, Unite Here International Union's political action organization at the time of the accident.

34. Mr. Rodriguez further testified at his deposition that Unite Here International Union provided the funding for political canvasing, including funding to cover Gibson's time.

35. Mr. Rodriguez further testified that the Chevy Blazer being driven by Gibson at the time of the accident was rented through the Unite Here International Union's Master Account.

36. Gibson testified in the Underlying Williamson Action that she did not pay for the Chevy Blazer either to rent the vehicle or to fill it with gas, rather, International did.

37. As set forth more fully below, the fact that the vehicle was being used and rented pursuant to an agreement with Unite Here International Union, and because by Unite Here International Union's own admission, Gibson was working on behalf of their political team, Workers Vote, at the time of the accident, Seneca's

Commercial Auto Policy does not provide coverage for Gibson. Likewise, as a result, the Seneca Umbrella policy likewise does not provide coverage.

38. Further, the Seneca Commercial Auto Policy and the Seneca Umbrella policy likewise do not provide coverage for Seneca's named insured, Local 274, in light of the facts discovered in the Underlying Williamson Action.

39. Further, as set forth more fully below, Seneca asserts that the terms and conditions of the Trumbull policy issued to Unite Here International Union establish that both Gibson and Local 274 qualify as insureds, entitling them to a defense and liability coverage under the Trumbull policy.

**B. <u>Seneca Policy Provisions</u>**

40. Plaintiff hereby incorporates by reference the allegations set forth within the foregoing paragraphs as if the same were fully set forth more fully at length herein.

41. Seneca issued Commercial Auto Policy number UCM 5342569 to Unite Here Local 274 for the policy period November 26, 2022 through November 26, 2023.

42. The policy contains a Commercial Automobile Coverage Part which states in pertinent part as follows:

> **SECTION I - COVERED AUTOS**
>
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".
>
> **A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the Policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the Policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the Policy begins. |
| 5 | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the Policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the Policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

(See Exhibit A at Form CA 00 01 11 20 at p. 1 of 13).

43. The Declarations page in association with the Seneca Commercial Auto Policy indicates that Seneca shows Covered Autos Designation Symbols 8 and 9. See Exhibit A at Declarations page Form CA DS 03 11 20 at p. 3 of 14.

44. The Seneca Commercial Auto Policy provides liability coverage as follows:

## SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)** The owner or anyone else from whom you hire or borrow a covered "auto".

This exception does not apply if the covered "auto" is a "trailer"

connected to a covered "auto" you own.

**(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(See Exhibit A at Form CA 00 01 11 20 at pp. 2-3 of 13).

45. The Seneca Umbrella Policy provides the identical definition of "Who Is An Insured" and provides the same covered autos liability coverage language as set forth within the underlying Commercial Auto Policy.

## C. Trumbull Policy Provisions

46. Trumbull issued Commercial Business Policy 10 UEN HF7848 to Unite Here International Union for the policy period beginning May 1, 2022 through May 1, 2023. See Exhibit C at Declarations page.

47. The Trumbull policy utilizes the same insurance form as that utilized in the Seneca Commercial Auto Policy, namely ISO Form CA 00 01 11 20.

48. As such, the Trumbull policy provides liability coverage and defines "Who Is An Insured" as follows:

> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
>
> **A. Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage

Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)** The owner or anyone else from whom you hire or borrow a covered "auto".

This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(See Exhibit C at Form CA 00 01 11 20 at pp. 2-3 of 13).

49. The Trumbull policy likewise contains within its Commercial Auto Coverage Part, a Description Of Covered Auto Designation Symbols as follows:

**SECTION I - COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the Policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the Policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the Policy begins. |
| 5 | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the Policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the Policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |

| | | |
|---|---|---|
| **9** | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

(See Exhibit C at Form CA 00 01 11 20 at p. 1 of 13).

50. A review of the Declarations page of the Trumbull policy reveals that its named insured, Unite Here International Union, selected liability coverage description 1, which is described as "Any Auto." Thus any auto involved in the Underlying Williamson Action is a "covered auto" under the Trumbull policy. See Exhibit C at Form HA 00 25 06 15 at p. 2 of 4.

51. Likewise, the Federal Umbrella/Excess Policy identifies the Trumbull policy on its Schedule of Underlying Insurance for purposes of automobile liability. See Exhibit D at Form 07-02-0922 (Rev. 7-01) S at p. 1 of 3.

52. The Federal Umbrella/Excess Policy states in pertinent part as follows:

> Subject to all of the terms and conditions applicable to Excess Follow-Form Coverage A, we will pay, on behalf of the **insured**, that part of **loss** to which his coverage applies, which exceeds the applicable **underlying limits**.
>
> This coverage applies only if the triggering event that must happen during the policy period of the applicable **underlying insurance** happens during the policy period of this insurance.
>
> This coverage will follow the terms and conditions of **underlying insurance** described h he Schedule Of Underlying Insurance, unless a term or condition contained in this coverage:
>
> - differs from any term or condition contained in the applicable **underlying insurance**; or
> - is not contained in the applicable **underlying insurance.**

(See Exhibit D at Form 07-02-0815 (Rev. 7-01) C at p. 3 of 32).

53. As such, the Federal policy provides the same coverages and obligations to Unite Here International Union as does the underlying Trumbull policy.

54. Gibson is an insured pursuant to Section **A.1.b.**, as she was using an auto hired by Unite Here International Union with Unite Here International Union's permission.

55. Local 274 is an insured under Section **A.1.c.**, as Local 274 is alleged to be liable for the conduct of Gibson, an insured under the Trumbull policy.

**COUNT I**
**Plaintiff Seneca Insurance Company, Inc. vs. All Defendants**

56. Plaintiff incorporates by reference the allegations set forth within the foregoing paragraphs as if the same were fully set forth at length herein.

57. In order to qualify as a defined "insured" under the Who Is An Insured section of Seneca Commercial Auto Policy number UCM 5342569 for purposes of the present claim, the named insured, Local 274, must establish that the vehicle involved was a covered auto.

58. Discovery in the Underlying Williamson Action has established that at the time of the accident, the vehicle operated by Gibson was not a vehicle that meets the definition of the Covered Auto Designation selections 8 or 9 under the terms of the Seneca Commercial Auto Policy.

59. Evidence has clearly established that the subject vehicle involved in the accident was not a hired auto, leased, hired, rented or borrowed by the named insured Local 274 under Designation 8.

60. Evidence has clearly established that the subject vehicle involved in the accident was not a non-owned auto, “used in connection with your business” as set forth in Designation 9.

61. Because the vehicle involved in the accident does not meet the description set forth within the Covered Auto Designation selections 8 or 9 described above, Local 274 is not insured for the Underlying Williamson Action and the damages asserted by Mr. Williamson in that lawsuit, and is therefore not entitled to a defense nor to any indemnity under Seneca Commercial Auto Policy number UCM 5342569.

62. Plaintiff respectfully requests that this Court enter an Order and Decree declaring that Seneca has no duty/continuing duty to defend its named insured, Local 274, in relation to the Underlying Williamson Action docketed in the Philadelphia Court of Common Pleas at No. 240900769.

63. Because there is no coverage under the Seneca Commercial Auto policy, there is no coverage under the Seneca Umbrella policy for Local 274.

64. Gibson does not qualify as an insured pursuant to the terms and conditions of the Seneca Commercial Auto Policy.

65. To qualify as an insured under the Seneca Commercial Auto Policy, Gibson would have had to been operating or using with the permission of Local 274 a covered auto owned, hired or borrowed by Local 274.

66. As the facts have established that Local 274 did not own, hire or borrow the subject vehicle and that the subject vehicle is not a covered auto, Gibson is herself

not entitled to defense or indemnity pursuant to the terms and conditions of Seneca Commercial Auto Policy number UCM 5342569.

67. Based on the above, Plaintiff respectfully requests that this Court enter an Order and Decree declaring that Seneca has no duty/continuing duty to defend Gibson in relation to the Underlying Williamson Action docketed in the Philadelphia Court of Common Pleas at No. 240900769.

68. Likewise, because the Seneca Commercial Auto Policy does not provide coverage to Ms. Gibson, the Seneca Umbrella policy does not provide coverage to Ms. Gibson.

WHEREFORE, Plaintiff, Seneca Insurance Company, Inc. respectfully requests this Honorable Court enter judgment in its favor and issue a Decree declaring that Seneca Insurance Company, Inc. has no further obligation to defend Lori Gibson and Unite Here Local 274 in relation to the lawsuit brought in the Philadelphia Court of Common Pleas by Nicholas J. Williamson docketed at No. 240900769, and as a result, no duty to indemnify Lori Gibson or Unite Here Local 274.

## COUNT II
## Plaintiff Seneca Insurance Company, Inc. vs. All Defendants

69. Plaintiff incorporates by reference the allegations set forth within the foregoing paragraphs as if the same were fully set forth at length herein.

70. The Trumbull Commercial Auto Policy issued to Unite Here International Union provides the same coverage terms and similarly defines Who Is An Insured as does the Seneca Commercial Auto Policy as set forth above.

71. The Trumbull Commercial Auto Policy provides the identical Covered Auto Designation Symbols descriptions as those set forth within the Seneca Commercial Auto Policy.

72. Gibson is an insured under the terms and conditions of the Trumbull Commercial Auto Policy in that she was using a vehicle with the permission of Unite Here International Union when the accident occurred..

73. As such, Gibson qualifies as an insured under the definition of Who Is An Insured **A.1.b.** within the Trumbull Commercial Auto Policy.

74. Because Gibson was acting on behalf of Unite Here International Union at the time of the accident, and because the Underlying Williamson Action Complaint and Second Amended Complaint allege that she was doing so on behalf of Unite Here International Union, Gibson is owed a defense and potential indemnification from Trumbull under Commercial Auto Policy 10 UEN HF7848.

75. Likewise, as Gibson qualifies as an insured under the Trumbull Commercial Auto Policy, Local 274 also qualifies as an insured under the definition of Who Is An Insured subsection **A.1.c.** covering "anyone liable for the conduct of an "insured" . . . but only to the extent of that liability."

76. Presently, in the Underlying Williamson Action, Williamson is asserting that Local 274 is liable for the conduct of Gibson, an insured under the Trumbull Commercial Auto Policy and as such, Local 274 is also an insured under the Trumbull Commercial Auto Policy.

77. Local 274 is entitled to a defense in the Underlying Williamson Action under the terms of the Trumbull Commercial Auto Policy.

78. Plaintiff respectfully requests that the Court enter an Order and Decree declaring that Trumbull is obligated to assume and provide a defense to Local 274 and Gibson in relation to the Underlying Williamson Action docketed in the Philadelphia Court of Common Pleas at No. 240900769.

79. Plaintiff further requests that the Court enter an Order and Decree declaring that Trumbull had an obligation to defend Local 274 and Gibson from the outset of the filing of the original Complaint in the Underlying Williamson Action docketed in the Philadelphia Court of Common Pleas at No. 240900769, or alternatively to share the defense of Local 274 and Gibson with Seneca in a manner and in an amount which the Court may direct.

80. In the alternative, should Trumbull exhaust its coverages by settlement or otherwise, then Federal Insurance Company as the excess/umbrella insurer for Unite Here International Union will then be obligated to provide a defense and potential indemnity to Gibson and Local 274.

81. Plaintiff likewise seeks an alternate Declaration that Federal Insurance Company is so obligated to assume and provide a defense and potential indemnification to Gibson and Local 274 in relation to the Underlying Williamson Action docketed in the Philadelphia Court of Common Pleas at No. 240900769, if Trumbull exhausts its policy.

WHEREFORE, Plaintiff, Seneca Insurance Company, Inc. respectfully requests this Honorable Court enter judgment in its favor and issue an Order and Decree that Trumbull Insurance Company is hereby obligated to defend Lori Gibson and Unite Here Local 274 and provide potential indemnity in relation to damages sought for the injuries sustained by Nicholas J. Williamson in the Underlying Williamson Action brought in the Philadelphia Court of Common Pleas at No. 240900769.

Further, Plaintiff, Seneca Insurance Company, Inc., respectfully requests that this Honorable Court issue an Order and Decree declaring that Trumbull Insurance Company was obligated to undertake the defense costs of Unite Here Local 274 and Lori Gibson from the initiation of the filing of the original Complaint in the Underlying Williamson Action brought in the Philadelphia Court of Common Pleas at No. 240900769, in full or in part as the Court may determine is proper and appropriate. Lastly, Plaintiff, Seneca Insurance Company, Inc., seeks a Declaration that if Trumbull Insurance Company has or in the future shall exhaust its limits, that the defense of Unite Here Local 274 and Lori Gibson shall be undertaken by its excess carrier, Federal Insurance Company.

Respectfully submitted,

**HORST KREKSTEIN & RUNYON, LLC**

Dated: September 16, 2026 By: /s/ Adam Goodman

ADAM GOODMAN, ESQUIRE/321479
610 W. Germantown Pike, Suite 350
Plymouth Meeting, PA 19462
610-897-8348
Fax 484-353-8214
agoodman@hkr.law
Attorney for Plaintiff